*FILED

1   REBECCA GIRN (SBN 265593)
    girn.rebecca@dorsey.com
2   DORSEY & WHITNEY LLP
    38 Technology Drive, Suite 100
3   Irvine, CA 92618-5310
    Telephone: (949) 932-3600
4   Facsimile: (949) 932-3601

5   EDWARD B. MAGARIAN (seeking admission *pro hac vice*)
    magarian.edward@dorsey.com
6   DORSEY & WHITNEY LLP
    50 South Sixth Street, Suite 1500
7   Minneapolis, MN 55402
    Telephone: (612) 340-2600
8   Facsimile: (612) 340-2777

9   Attorneys for Defendant AMERIPRISE
    FINANCIAL SERVICES, INC.

10

11

12              UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14       ED   CV   10  -  01224  VAP (OPx)

15   J. THOMAS GAVIGAN, an individual,        CASE NO.:

16                        Plaintiff,          [RIVERSIDE COUNTY SUPERIOR
                                              COURT CASE NO. INC10004414]
17   vs.
                                              **APPENDIX OF STATE COURT
18   AMERIPRISE FINANCIAL SERVICES,           PLEADINGS AND DOCUMENTS**
     INC., a Delaware corporation, and DOES
19   1-100, inclusive,                        **(DIVERSITY JURISDICTION)**

20                        Defendants.

21                                            [Filed concurrently with Notice of
                                              Removal, Declaration of Trina A. Iijima,
22                                            and Certificate of Interested Parties]

23                                            Date Action Filed: May 18, 2010
                                              Trial Date: None

24        TO THE CLERK OF THE ABOVE-ENTITLED COURT:

25        Attached hereto as is the appendix of state court pleadings and documents filed

26   concurrently with Defendant AMERIPRISE FINANCIAL SERVICES, INC.'S

27   ("Defendant") Notice of Removal of Action to the United States District Court for the

28   Southern District of California pursuant to 28 U.S.C. §§ 1332 and 1441(b).

1    Exhibit A:  A true and correct copy of Plaintiff's Summons and Complaint

2 received by Defendants.

3

4 DATED:  August 16, 2010                    DORSEY & WHITNEY LLP

5

6                                           By

7                                              Edward B. Magarian
                                               Rebecca Girn
8                                              Attorneys for Defendant AMERIPRISE
                                               FINANCIAL SERVICES, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

1

2   STATE OF CALIFORNIA, COUNTY OF ORANGE

3   I am employed in the City of Irvine, County of Orange, State of California.  I am over
4   the age of 18 years and not a party to the within action.  My business address is 38
    Technology Drive, Suite 100, Irvine, California  92618-2301.  On August 16, 2010, I
5   served the documents named below on the parties in this action as follows:

6   DOCUMENT(S) SERVED:        **APPENDIX OF STATE COURT PLEADINGS**
7                              **AND DOCUMENTS**

8   SERVED UPON:               **SEE ATTACHED SERVICE LIST**

9

10  ☐   (BY MAIL)  I caused each such envelope, with postage thereon fully prepaid,
        to be placed in the United States mail at Irvine, California.  I am readily
11      familiar with the practice of Dorsey & Whitney LLP for collection and
12      processing of correspondence for mailing, said practice being that in the
        ordinary course of business, mail is deposited in the United States Postal
13      Service the same day as it is placed for collection.

14  ☐   (BY PERSONAL SERVICE)  I delivered to an authorized courier or driver
15      authorized by O.C. Corporate Courier to receive documents to be delivered on
        the same date.  A proof of service signed by the authorized courier will be
16      filed with the court upon request.

17  ☒   (BY FEDERAL EXPRESS)  I am readily familiar with the practice of
18      Dorsey & Whitney LLP for collection and processing of correspondence for
        overnight delivery and know that the document(s) described herein will be
19      deposited in a box or other facility regularly maintained by Federal Express
        for overnight delivery.
20
21  ☒   (FEDERAL)  I declare that I am employed in the office of a member of the bar
        of this court, at whose direction this service was made.

22  Executed on August 16, 2010, at Irvine, California.
23

24                              *Michelle Maroney*
                                Michelle Maroney
25

26

27

28

4825-7888-0519\1

## **SERVICE LIST**

1

2

James W. Denison

3   21550 Oxnard Street, Suite 300, PMB 81

Woodland Hills, CA  91367

4   (818) 224-5250

(818) 224-5245 Fax

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4825-7888-0519\1

# EXHIBIT A

 

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMERIPRISE FINANCIAL SERVICES, INC., a Delaware corporation,
and DOES 1 - 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

J. THOMAS GAVIGAN, an individual

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 18 2010

T. REEVES

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>**INC  1 0 0 0 4 4 1 4** |
|---|---|

Superior Court for the State of California for the County of Riverside,
Larson Justice Center, 46-200 Oasis Street, Indio, CA 92201.

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James W. Denison, 21550 Oxnard St., Ste. 300, PMB 81, Woodland Hills, CA 91367, 818-224-5250

| DATE: May 18, 2010<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | **C. Y. REEVES** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Ameriprise Financial Services, Inc., a Delaware Corporation

under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 7/19/10

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.



1  JAMES W. DENISON (State Bar No.155337)
   21550 Oxnard Street, Suite 300, PMB 81
2  Woodland Hills, California  91367
   Telephone: 818-224-5250
3  Facsimile: 818-224-5245

4  Attorney for Plaintiff
   J. THOMAS GAVIGAN

5

6

7

8               SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF RIVERSIDE

10

11
   J. THOMAS GAVIGAN, an individual,        Case No.  INC  1 0 0 0 4 4 1 4
12
                    Plaintiff,              COMPLAINT FOR:
13                                          (1)  Violation of Franchise Relations
         vs.                                     Act;
14
   AMERIPRISE FINANCIAL SERVICES,           (2)   Breach of Contract;
15 INC., a Delaware corporation, and DOES 1 - (3)  Tortious Interference with
   100, inclusive,                               Contract;
16                                          (4)  Tortious Interference with
                    Defendants.                  Prospective Economic Advantage;
17                                               and
                                            (5)  Violation of Unfair Competition
18                                               Law

19

20

21

22

23

24

25

26

27

28

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 18 2010

Y. REEVES

COMPLAINT FOR: (1) VIOLATION OF FRANCHISE RELATIONS ACT; (2) BREACH OF CONTRACT; (3) TORTIOUS INTERFERENCE
WITH CONTRACT; (4)  TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND
(5) VIOLATION OF UNFAIR COMPETITION LAW

1          Plaintiff J. THOMAS GAVIGAN, for his complaint against defendant

2    AMERIPRISE FINANCIAL SERVICES, INC., and DOES 1 - 100, alleges as follows:

3

4                       **JURISDICTION AND VENUE**

5          1.     Jurisdiction is proper in this Court in that the amount in controversy exceeds

6    $25,000, and plaintiff is informed and believes and on that basis alleges that defendant does

7    business in this state, and the contract at issue was to be performed in this state.

8          2.     Venue is proper in this district in that the defendant is subject to personal

9    jurisdiction in this district, plaintiff is informed and believes and on that basis alleges

10   defendant does business in this district, and the contract at issue was to be performed in this

11   district.

12                            **PARTIES**

13         4.     Plaintiff J. Thomas Gavigan ("Gavigan") is an individual residing in Palm

14   Desert, California.

15         5.     Plaintiff is informed and believes and on that basis alleges that defendant

16   Ameriprise Financial Services, Inc. ("Ameriprise"), is a Delaware corporation doing

17   business in the County of Riverside.

18         6.     Plaintiff is ignorant of the true names and capacities of defendants served

19   herein as DOES 1-100, inclusive, and therefore sues these defendants by such fictitious

20   names.  Plaintiff is informed and believes and on that basis alleges that each of the

21   fictitiously named defendants is legally responsible in some manner for the acts or

22   omissions herein alleged and legally caused injury and damage to the Plaintiff as herein

23   alleged. Plaintiff will amend this complaint to allege their true names and capacities when

24   ascertained.

25         7.     At all times relevant herein, each of the defendants was the agent of each of

26   the remaining defendants, and was acting within the purpose and scope of such agency, and

27   each defendant ratified and approved the acts of his or her agents.

28

## GENERAL ALLEGATIONS

8.    From 1998 through 2004, plaintiff Gavigan was an employee of defendant Ameriprise's predecessor, American Express Financial Advisors.

9.    In or about 2001, Ameriprise converted its financial advisory services operations to a franchise system, at which time existing and eligible advisors were encouraged to become franchisees.

10.    In or about the Spring of 2004, plaintiff Gavigan agreed to convert his employment into a franchise after completing all the American Express Financial Advisors necessary sales and compliance conditions and achieving the requirements in order to be accepted as a franchisee.  In or about August 2005, plaintiff Gavigan earned certain deferred compensation under Ameriprise's P2 Deferred Equity Program (the "Deferred Equity Program").

11.    During the time that Gavigan worked as an Ameriprise employee and then as an Ameriprise franchisee, Gavigan on occasion was critical of Armerirpse's practices and questioned whether it was in compliance with applicable laws.

12.    Plaintiff Gavigan is informed and believes and on that basis alleges that, in retaliation for his voicing of criticisms, in late April 2009, Ameriprise conducted an interview of Gavigan and a review of his files.  On May 18, 2009, Ameriprise wrote to Gavigan, claiming it was terminating Gavigan's franchise for "violation of numerous company compliance policies."  The letter then mischaracterized certain statements of plaintiff Gavigan from the April 2009 interview as purported "admissions" of such things as creating "fictitious" financial plans and "backdating" forms, all of which plaintiff Gavigan denied and denies.  The letter also listed numerous supposed "violations" that, on their face, would not have qualified as grounds for terminating a franchise if the accusations had been true (which they were not).  Within minutes of Gavigan receiving the letter, all of Gavigan's clients folders and records were confiscated by regional compliance officers, and they were boxed up and removed from Gavigan's office by the afternoon of May 18, 2009. Gavigan's personal computer was purged that evening by the tech people in the home office

1    in Minnesota.  Gavigan's personal records and correspondence were even purged from his
2    personal computer by the evening of May 18, 2009.

3         13.    Without allowing plaintiff Gavigan to respond to the letter, without any
4    further investigation, and without providing an opportunity to cure any perceived ground
5    for termination, defendant Ameriprise purported to immediately terminate Gavigan's
6    franchise and, within two days, announced to its franchisee's that his franchise was up for
7    sale.  Five days later, Ameriprise reported Gavigan to the Financial Industry Regulatory
8    Authority as having been terminated after an "internal review for fraud or wrongful taking
9    of property, or violating investment-related statutes, regulations, rules  or industry standards
10   of conduct."

11        14.    Under the circumstances, Gavigan was forced to sell his franchise business to
12   another Ameriprise franchisee on May 30, 2009.  Although the value of the business was at
13   that time estimated to be upwards of $450,000, Gavigan was forced to agree to a price of
14   $307,000.  After making the agreed initial payment of $30,000, the Ameriprise franchisee
15   contended that the portfolio of Gavigan's clients consisted of inappropriate investments
16   (based on the franchisee's unsound judgment and uninformed projections that the record
17   drop in the stock market since 2008 would continue to be the value of investments of
18   Gavigan's client's into the future).  The Ameriprise franchisee, while maintaining contracts
19   with the clients he had inherited from Gavigan, then refused to pay any more of the agreed
20   price for Gavigan's business.

21        15.    On June 24, 2009, Ameriprise wrote a letter to Mr. Gavigan stating that, when
22   Gavigan's franchise terminated, Mr. Gavigan's otherwise vested shares in the P2 Deferred
23   Equity Program would be forfeited unless he agreed to "[e]xecute an agreement satisfactory
24   to the company, which will include non-competition, non solicitation, and general release
25   provisions."

26
27
28

## **FIRST CAUSE OF ACTION**

### **(Violation of California Franchise Relations Act)**

16.   Plaintiff realleges and incorporates by reference paragraphs 1 through 15 above as though fully set forth herein.

17.   California Business & Professions Code Section 20020 provides: "Except as otherwise provided by this chapter, no franchisor may terminate a franchise prior to the expiration of its term, except for good cause...."

18.   California Business & Professions Code Sections 20020 and 20021 set forth the conduct by a franchisee that may constitute "good cause" for termination, provided adequate notice and opportunity to cure are given, and conduct that may constitute "good cause' for termination without notice.

19.   California Business & Professions Code Section 20030 sets forth the requirements with which a franchisor must comply in order to validly terminate a franchise.

20.   California Business & Professions Code Section 20035 requires that, in the event a franchisor does not comply with the foregoing, the franchisor must offer to purchase the inventory of the franchisee.

21.   California Business & Professions Code Section 20010 provides: "Any condition, stipulation or provision purporting to bind any person to waive compliance with any provision of this law is contrary to public policy and void."

22.   As set forth in paragraphs 12 through 15 above, defendant Ameriprise violated the foregoing sections of the Business & Professions Code by (i) using pretextual bases for terminating the franchise and without adequate investigation, (ii) failing to allow plaintiff adequate time to cure purported bases for the termination, (iii) failing to offer to purchase plaintiffs' inventory, and (iv) requiring plaintiff to waive his rights under the Franchise Relations Act in order to obtain payment of moneys owing to him under the Deferred Equity Program.

23.   As a result of the foregoing, plaintiff Gavigan has been damaged in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

24.  Plaintiff realleges and incorporates by reference paragraphs 1 through 23 above as though fully set forth herein.

25.  An enforceable franchise contract existed between defendant Ameriprise and plaintiff Gavigan.

26.  By terminating plaintiff Gavigan's franchise without good cause and in violation of the Franchise Relations Act, defendant Ameriprise breached the franchise contract and wrongfully terminated the franchise.  Ameriprise further breached the Deferred Equity Program agreement by insisting that Gavigan's shares would be forfeited unless he waived his rights to pursue claims against it for its breach and violations of law.

27.  Plaintiff Gavigan performed all of his obligations under the franchisee contract and Deferred Equity Program agreement, except those obligations for which performance was excused.

28.  As a direct and proximate result of the contractual breach and wrongful termination, plaintiff Gavigan has suffered damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (Tortious Interference with Contract)

29.  Plaintiff realleges and incorporates by reference paragraphs 1 through 28 above as though fully set forth herein.

30.  Defendant Ameriprise was aware of the existence of the many enforceable contracts between plaintiff Gavigan and third-party clients.

31.  Defendant Ameriprise engaged in intentional acts or conduct designed to induce an interruption of the contractual relationship between plaintiff Gavigan and his clients.

32.  As a result of defendant Ameriprise's conduct, an actual disruption of the contractual relationships occurred, causing damages in an amount to be proved at trial.

33.   Defendant Ameriprise's conduct – in light of its awareness of plaintiff Gavigan's age, inability to find comparable business opportunities at his stage in life, his need to rely on his share of the Deferred Equity Program compensation to survive after defendant Ameriprise wrongfully took his source of income away from him, and generally precarious, devastating financial condition that foreseeably would and did result from defendant Ameriprise's wrongful conduct – was in conscious disregard of Gavigan's rights and so despicable as to justify an award of punitive damages against it.

## FOURTH CAUSE OF ACTION

### (Tortious Interference with Prospective Economic Advantage)

34.   Plaintiff realleges and incorporates by reference paragraphs 1 through 33 above as though fully set forth herein.

35.   There existed between plaintiff Gavigan and his clients economic relationships with the probability of future economic benefit to Gavigan.

36.   Defendant Ameriprise was aware of the aforementioned economic relationships.

37.   Defendant Ameriprise engaged in intentional acts designed to disrupt the aforementioned economic relationships.

38.   As a result of defendant Ameriprise's conduct, there was actual disruption of the aforementioned economic relationships, proximately causing economic harm to plaintiff Gavigan in an amount to be proved at trial.

39.   Defendant Ameriprise's acts were wrongful, not only because of the fact of interference itself, but because they violated public policies concerning unlawful restraints of trade, unlawful conditions on entitlement to deferred compensation, unlawful attempts to coerce waiver of non-waivable statutory claims and, on information and belief, age discrimination.

40.   Defendant Ameriprise's conduct – in light of its awareness of plaintiff Gavigan's age, inability to find comparable business opportunities at his stage in life, his need to rely on his share of the Deferred Equity Program compensation to survive after

6

1  defendant Ameriprise wrongfully took his source of income away from him, and generally

2  precarious, devastating financial condition that foreseeably would and did result from

3  defendant Ameriprise's wrongful conduct – was in conscious disregard of Gavigan's rights

4  and so despicable as to justify an award of punitive damages against it.

5  **FIFTH CAUSE OF ACTION**

6  **(Violation of Unfair Competition Law)**

7     41.    Plaintiff realleges and incorporates by reference paragraphs 1 through 40

8  above as though fully set forth herein.

9     42.    California's Unfair Competition Law ("UCL"), set forth in Business &

10  Professions Code Section 17200 et seq., prohibits persons from engaging in unfair,

11  fraudulent, and unlawful trade practices.

12     43.    Defendant Ameriprise's violation of the Franchise Relations Act, violation of

13  California law on restraints of trade, tortious interference with plaintiff Gavigan's ability to

14  pursue his profession, insistence that plaintiff Gavigan release non-waivable claims in order

15  to receive compensation it owes him, and use of the conversion of employment agreements

16  into franchise agreements as a means of avoiding liability for its wrongful acts, constitutes

17  unfair, fraudulent, and/or unlawful practices in violation of the UCL.

18     44.    The aforementioned acts and omissions of defendant Ameriprise entitle

19  plaintiff Gavigan to declaratory relief and the restitution of the approximately $80,000 in

20  Deferred Equity Program moneys it has obtained from plaintiff Gavigan and continues to

21  withhold through its unfair, deceptive, and/or unlawful practices.

22     45.    Plaintiff Gavigan is informed and believes and on that basis alleges that

23  defendant Ameriprise's conduct toward him was not an isolated event but was part of a

24  pattern on its part of wrongfully terminating employee/franchisees nearing retirement,

25  arranging for their businesses to be absorbed by younger employee/franchisees, and

26  depriving the franchisees of their deferred compensation owing under the Deferred Equity

27  Program unless they agree to waive their rights to seek redress for Ameriprise's wrongful

28  conduct and their rights to pursue the profession they spent most of their lives training for

and pursuing.  Accordingly, injunctive relief prohibiting defendant Ameriprise from engaging in such conduct is appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff Gavigan prays for judgment as follows:

**ON THE FIRST CAUSE OF ACTION**

1.      For damages consisting of reimbursement for the value of his franchise business lost;

**ON THE SECOND CAUSE OF ACTION**

1.      For compensatory damages;

**ON THE THIRD AND FOURTH CAUSES OF ACTION**

1.      For compensatory damages;

2.      For exemplary damages;

**ON THE FIFTH CAUSE OF ACTION**

1.      For restitution;

2.      For injunctive relief;

3.      For attorney fees.

**ON ALL CAUSES OF ACTION**

1.      For costs of suit;

2.      For such other and further relief as the Court deems just and equitable.

Dated:  May 18, 2010                                    JAMES W. DENISON

By: _____
                                                                      James W. Denison

                                                  Attorney for Plaintiff J. THOMAS GAVIGAN

COMPLAINT FOR: (1) VIOLATION OF FRANCHISE RELATIONS ACT; (2) BREACH OF CONTRACT; (3) TORTIOUS INTERFERENCE WITH CONTRACT; (4) TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND (5) VIOLATION OF UNFAIR COMPETITION LAW

FAXED

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>— James W. Denison (SBN 155337)<br>21550 Oxnard St., Ste. 300, PMB 81<br>Woodland Hills, CA 91367<br>jameswdenison@aol.com<br>TELEPHONE NO.: 818-224-5250   FAX NO.: 818-224-5245<br>ATTORNEY FOR *(Name)*: Plaintiff J. THOMAS GAVIGAN | **FOR COURT USE ONLY** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: H(2-200 Oasis
MAILING ADDRESS:
CITY AND ZIP CODE: Indio 92201
BRANCH NAME:

CASE NAME:
J Thomas Gavigan v. Ameriprise Financial Services, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>INC 100 0441 5 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*: 4
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 18, 2010
James W. Denison
(TYPE OR PRINT NAME)                                        ► *(signature)* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov
**Self-represented parties:** http://riverside.courts.ca.gov/selfhelp/selfhelp.htm

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
***INFORMATION PACKAGE***
(California Rules of Court, Rule 3.221; Local Rule, Title 4)

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. ***

---

## What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration and settlement conferences.

## Advantages of ADR:
- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:
- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**   In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.   In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

RI-ADR1A
Rev. 1/10

<u>Arbitration may be appropriate when the parties</u>:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

<u>Arbitration is not appropriate when the parties</u>:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:**  Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial.  Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website: http://riverside.courts.ca.gov/adr/adr.htm

### General Policy:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial.  (Local Rule 4.0000)

### Court-Ordered ADR:
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### Private ADR (for cases not ordered to arbitration or mediation):
Parties schedule and pay for their ADR process without Court involvement.  Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC.  Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 4.0018)

### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation).  See  http://adr.riverside.courts.ca.gov/adr/civil/panelist.php  or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act): Dispute Resolution Service (DRS) Riverside County Bar Association:  (951) 682-1015 Dispute Resolution Center, Community Action Partnership (CAP):  (951) 955-4900

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐ **Banning** - 135 N. Alessandro Road, Banning, CA 92220
☐ **Hemet** - 880 N. State Street, Hemet, CA 92543
☐ **Indio** - 46-200 Oasis Street, Indio, CA 92201
☐ **Riverside** - 4050 Main Street, Riverside, CA 92501
☐ **Temecula** - 41002 County Center Drive, Bldg. C - Suite 100, Temecula, CA 92591

| PLAINTIFF(S):<br><br>DEFENDANT(S): | CASE NUMBER: |
|---|---|
| **STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**<br>(CRC 3.221; Local Rule, Title 4) | CASE MANAGEMENT CONFERENCE DATE(S): |

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation                 ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration       ☐ Other (describe): _____

Proposed date to complete ADR: _____.

<u>**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**</u>

_____        _____        _____
PRINT NAME OF PARTY OR ATTORNEY          SIGNATURE OF PARTY OR ATTORNEY              DATE
☐ Plaintiff  ☐ Defendant

_____        _____        _____
PRINT NAME OF PARTY OR ATTORNEY          SIGNATURE OF PARTY OR ATTORNEY              DATE
☐ Plaintiff  ☐ Defendant

_____        _____        _____
PRINT NAME OF PARTY OR ATTORNEY          SIGNATURE OF PARTY OR ATTORNEY              DATE
☐ Plaintiff  ☐ Defendant

_____        _____        _____
PRINT NAME OF PARTY OR ATTORNEY          SIGNATURE OF PARTY OR ATTORNEY              DATE
☐ Plaintiff  ☐ Defendant

☐ Additional signature(s) attached

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**STIPULATION**

   

## SUPERIOR COURT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA

| | | | |
|---|---|---|---|
| ☐ | **BANNING** 135 N. Alessandro Road, Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Road, Murrieta, CA 92563 | |
| ☐ | **BLYTHE** 265 North Broadway, Blythe, CA 92225 | ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 | |
| ☐ | **HEMET** 880 N. State St., Hemet, CA 92543 | ☐ **RIVERSIDE** 4175 Main St., Riverside, CA 92501 | |
| ☒ | **INDIO** 46-200 Oasis St., Indio, CA 92201 | ☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591 | |
| ☐ | **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553 | | |

Name and Address
James W. Denison
21550 Oxnard St., Ste. 300 PMB 81
Woodland Hills, CA 91367

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 18 2010

L. REEVES

Attorney for Plaintiff
or Party without Attorney

J. THOMAS GAVIGAN, an individual,

                                **Plaintiff(s)**

vs.

AMERIPRISE FINANCIAL SERVICES,
INC., a Delaware corporation,
and DOES 1 - 100, inclusive,

                                **Defendant(s)**

CASE NO.   **INC** 0 0 0 4 4 1 4

**CERTIFICATE OF COUNSEL**

The undersigned certifies that this matter should be tried or heard in the
Court for the following reason:

☒   The action arose in this judicial district.

☐   The action concerns real property located in this judicial district.

☐   The defendant resides in this judicial district.

Dated:   May 18, 2010

Signed by: _____
ATTORNEY FOR PLAINTIFF(S)
OR PARTY WITHOUT ATTORNEY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
46-200 Oasis Street
Indio, CA  92201
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

J THOMAS GAVIGAN VS AMERIPRISE FINANCIAL SERVICES

CASE NO. INC 10004414

This case is assigned to the HONORABLE Judge John G Evans
in Department 2F as the case management department.
The Case Management Conference is scheduled for 11/15/10
at  8:30 in Department 2F.

The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(2) shall be
filed in accordance with that section.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing NOTICE OF
ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES AND CASE
MANAGEMENT CONFERENCE (CRC 3.722) on this date, by depositing said
copy as stated above.

Court Executive Officer/Clerk

MEY

Date:  05/18/10                    By: _____
                                   C. YVONNE REEVES, Deputy Clerk

MAY 2 6 2010

ac: cmc,cmcb,ntit,cmcc

Notice 'TDACMC' has been printed for the following Attorneys/Firms
or Parties for Case Number INC10004414 on  5/26/10:


JAMES W DENISON
21550 OCNARD STREET
SUITE 300 PMB 81
WOODLAND HILLS, CA 91367

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
46-200 Oasis Street
Indio, CA  92201
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

J THOMAS GAVIGAN VS AMERIPRISE FINANCIAL SERVICES

CASE NO. INC 10004414

This case is assigned to the HONORABLE Judge John G Evans
in Department 2F as the case management department.
The Case Management Conference is scheduled for 11/15/10
at  8:30 in Department 2F.

The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(2) shall be
filed in accordance with that section.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing NOTICE OF
ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES AND CASE
MANAGEMENT CONFERENCE (CRC 3.722) on this date, by depositing said
copy as stated above.

Court Executive Officer/Clerk

Date:  05/18/10          By: _____
                             C. YVONNE REEVES, Deputy Clerk

MEY
MAY 2 6 2010

ac: cmc,cmcb,ntit,cmcc

Notice 'TDACMC' has been printed for the following Attorneys/Firms
or Parties for Case Number INC10004414 on  5/26/10:


    JAMES W DENISON
    21550 OCNARD STREET
    SUITE 300 PMB 81
    WOODLAND HILLS, CA 91367